IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AUTO-OWNERS LIFE INSURANCE COMPANY<br>P.O. BOX 30660<br>LANSING, MICHIGAN 48909 | )<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff | ) | |
| | ) | COMPLAINT FOR INTERPLEADER |
| v. | )<br>) | AND DECLARATORY JUDGMENT |
| GORDON MILLER, PERSONALLY AND AS EXECUTOR OF THE ESTATE OF ISAAC E. MILLER<br>22199 BOWMAN ROAD<br>DEFIANCE, OHIO 43512 | )<br>)<br>)<br>)<br>)<br>) | **(JURY DEMAND ENDORSED HEREON)** |
| and | )<br>) | |
| GEORGIA "RUTHI" CABALLERO HOGAN, (fka GEORGIA "RUTHI" CABALLERO MILLER)<br>148 NORMANDY ROAD<br>LAFAYETTE, LOUISIANA 70503 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | | |

Now comes Plaintiff, Auto-Owners Life Insurance Company ("Auto-Owners"), by and through its undersigned Counsel, and for its Complaint for interpleader and Declaratory Judgment states the following:

1. This suit is brought pursuant to 28 U.S.C. 1335, and Rules 22 and 57 of the Federal Rules of Civil Procedure to interplead funds and obtain a declaratory judgment on the parties' respective rights and obligations under a policy of insurance issued by Auto-Owners.

2. Auto-Owners is a life insurance company with its principal place of business in Michigan, which is licensed to and does business in Ohio.

3. Isaac E. Miller, now deceased and, upon information and belief, formerly residing at 22199 Bowman Rd., Defiance, OH 43512-6615, was the named insured on a life insurance policy issued by Auto-Owners bearing Policy No. 020-698254-0, issued on February 12, 2004 and expiring on February 12, 2024. (the "Policy") See attached Exhibit A.

4. Upon information and belief, Gordon Miller is an individual who resides in the City of Defiance, Defiance County, Ohio. Gordon Miller was the father of Isaac E. Miller and at the time of issuance of the Policy, the primary named beneficiary. See Exhibit A. Upon further information and belief, Gordon Miller is the Executor of the Estate of Isaac E. Miller, which has a potential claim for the proceeds at issue in this litigation.

5. Upon information and belief, Georgia "Ruthi" Caballero Hogan, (formerly Georgia "Ruthi" Caballero Miller) is an individual who resides in Louisiana, and per the change of beneficiary form executed by Isaac E. Miller on September 4, 2007 and contained in Exhibit A, "Georgia Ruth Miller" became the primary beneficiary under the Policy on that date and therefore has a potential claim for the proceeds at issue in this litigation. As reflected on the attached Exhibit B Divorce Decree, "Georgia "Ruthi" Caballero Miller" and Isaac E. Miller divorced, which was entered into judgment on May 16, 2017 by the 15th Judicial District Court of Lafayette Parish, Louisiana. Upon further information and belief, she subsequently remarried and took on the surname "Hogan". Thus, for the purposes of this Complaint and where applicable, "Georgia Ruth Miller", "Georgia "Ruthi" Caballero Miller", and "Georgia "Ruthi" Caballero Hogan" may by used interchangeably and each shall refer to the same named Defendant.

## II. FACTUAL BACKGROUND

6. Auto-Owners incorporates paragraphs 1-5 of this Complaint, above, as if fully rewritten herein.

7. The Policy, a true and accurate copy of which is attached hereto as Exhibit A, provides life insurance, including potentially relevant coverage for death benefits. The "guaranteed death benefit" reflected on the Policy is $100,000.00.

8. Upon information and belief, and as is reflected on the Petition for Divorce attached as Exhibit B, Isaac E. Miller and Georgia "Ruthi" Caballero Miller established their matrimonial domicile in Lafayette Parish, Louisiana until they began living separate and apart on April 10, 2016.

9. Isaac E. Miller died on or about April 22, 2021 and upon information and belief, the Policy of life insurance attached as Exhibit A was in full force and effect.

10. Due to Isaac Miller submitting the change of beneficiary form naming "Georgia Ruth Miller" as the primary beneficiary under the Policy, and the subsequent divorce of Isaac E. Miller and Georgia "Ruthi" Caballero Miller, Auto-Owners anticipates a potential dispute as to the rightful beneficiary under the Policy, as well as the applicable Ohio and/or Louisiana statutory law.

### III. RELEVANT POLICY PROVISIONS / STATUTORY LAW

11. Auto-Owners incorporates paragraphs 1-10 of this Complaint, above, as if fully rewritten herein.

12. The Policy provides death benefits coverage as follows:

> **DEATH BENEFITS**
>
> The death benefit is the amount payable to the beneficiary if the insured dies while this policy is in force.
>
> **AMOUNT OF DEATH BENEFIT**
>
> To determine the death benefit,
>
> **we add:**
> - The insurance in force on the date of death; *and*
> - Any additional benefits on the insured's life provided by rider; *and*
> - the portion of any premium paid past the month of death

**then we subtract:**
- any loan and loan interest if applicable; *and*
- the portion of any premium due and unpaid

13. The Policy provides the following with regards to beneficiary:

    **BENEFICIARY**

    The beneficiary is named in the attached application unless later changed. The beneficiary will receive the death benefit, unless you provide otherwise.

    A revocable beneficiary has no rights in the policy until the death of the insured. The interest of any beneficiary who dies before the earlier of the date we receive proof of the insured's death or the 15th day after the insured's death will pass to the owner or the owner's estate.

14. The Policy provides the following as the changing the beneficiary:

    **CHANGING THE BENEFICIARY**

    You may change the beneficiary at any time if:

    - you request the change in writing; *and*
    - we approve the change at our Home Office.

15. The Policy further provides the following potentially relevant general provisions:

    **THE CONTRACT**

    The policy is a legal contract. The whole contract consists of this policy, any attached riders or endorsements, and the attached application.

    We assume that any statements made in the application are representations and not warranties. No statement, unless made in the application, will be used to defend against a claim.

    This policy may not be changed unless our President, Vice President, or Secretary agree. They must agree to the change, and it must be in writing.

    **INCONTESTABILITY**

    We may have to deny a claim if you do not make all premium payments when due. Except for that, we will never deny a claim unless:

    - the death occurs within 2 years of the policy date; *and*
    - an answer in the application was not true or complete; *and*

- if we had known the truth we would not have issued the policy.

This limitation does not apply to any provision or rider that provides benefits for disability or death by accident.

16. Ohio R.C. § 5815.33 provides the following:

Termination of marriage revokes designation of spouse as beneficiary.

(A) As used in this section:

(1) "Beneficiary" means a beneficiary of a life insurance policy, an annuity, a payable on death account, an individual retirement plan, an employer death benefit plan, or another right to death benefits arising under a contract.

(2) "Employer death benefit plan" means any funded or unfunded plan or program, or any fund, that is established to provide the beneficiaries of an employee participating in the plan, program, or fund with benefits that may be payable upon the death of that employee.

(3) "Individual retirement plan" means an individual retirement account or individual retirement annuity as defined in section 408 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C.A. 408, as amended.

(B)(1) Unless the designation of beneficiary or the judgment or decree granting the divorce, dissolution of marriage, or annulment specifically provides otherwise, and subject to division (B)(2) of this section, if a spouse designates the other spouse as a beneficiary or if another person having the right to designate a beneficiary on behalf of the spouse designates the other spouse as a beneficiary, and if, after either type of designation, the spouse who made the designation or on whose behalf the designation was made, is divorced from the other spouse, obtains a dissolution of marriage, or has the marriage to the other spouse annulled, then the other spouse shall be deemed to have predeceased the spouse who made the designation or on whose behalf the designation was made, and the designation of the other spouse as a beneficiary is revoked as a result of the divorce, dissolution of marriage, or annulment.

(2) If the spouse who made the designation or on whose behalf the designation was made remarries the other spouse, then, unless the designation no longer can be made, the other spouse shall not be deemed to have predeceased the spouse who made the designation or on whose behalf the designation was made, and the designation of the other spouse as a Beneficiary is not revoked because of the previous divorce, dissolution of marriage, or annulment.

(C) An agent, bank, broker, custodian, issuer, life insurance company, plan administrator, savings and loan association, transfer agent, trustee, or other person is not liable in damages or otherwise in a civil or criminal action or

proceeding for distributing or disposing of property in reliance on and in accordance with a designation of beneficiary as described in division (B)(1) of this section, if both of the following apply:

(1) The distribution or disposition otherwise is proper;

(2) The agent, bank, broker, custodian, issuer, life insurance company, plan administrator, savings and loan association, transfer agent, trustee, or other person did not have any notice of the facts that resulted in the revocation of the beneficiary designation by operation of division (B)(1) of this section.

17. Upon information and belief, Louisiana statutory law does not mandate that termination of marriage revokes designation of spouse as beneficiary.

## IV. COUNT ONE - INTERPLEADER

18. Auto-Owners incorporates paragraphs 1-17 of this Complaint, above, as if fully rewritten herein.

19. Auto-Owners anticipates that a dispute may arise as to the rightful beneficiary under the Policy as Gordon Miller was the father of Isaac E. Miller and at the time of issuance of the Policy, the primary named beneficiary, and upon information and belief the executor of the Estate of Isaac E. Miller, while "Georgia Ruth Miller" was named on the change of beneficiary form submitted by the late Isaac E. Miller, and further considering the subsequent divorce of Isaac E. Miller and Georgia "Ruthi" Caballero Miller.

20. Further, there are questions of law as to whether to apply the statutory law of the state of Ohio or of the state of Louisiana to determine the rightful beneficiary under the Policy.

21. As reflected on Exhibit A, pursuant to the terms of the Policy and Statement of Policy Cost and Benefit Information contained therein, the guaranteed death benefit under the Policy is $100,000.00.

22. Therefore, the most Auto-Owners would be obligated to pay under the Policy is $100,000.00, but Auto-Owners cannot be forced to pay that amount to both Gordon Miller and Georgia "Ruthi" Caballero Hogan.

23. By reason of the conflicting potential claims of the Defendants, Auto-Owners is in doubt as to which Defendant is entitled to payment. Therefore, Auto-Owners seeks to interplead the $100,000.00 available in insurance proceeds with the Court.

## V.     COUNT TWO – DECLARATORY JUDGMENT

24. Auto-Owners incorporates paragraphs 1-23 of this Complaint, above, as if fully rewritten herein.

25. While the most Auto-Owners would be obligated to pay under the Policy is $100,000.00, Auto-Owners cannot be forced to pay that amount to both Gordon Miller and Georgia "Ruthi" Caballero Hogan.

26. Upon the interpleading of $100,000.00, available to either Defendant, Auto-Owners has satisfied its obligation to the defendants under the terms of the Policy.

27. Pursuant to 28 U.S.C. 1335 and Rule 57 of the Federal Rules of Civil Procedure, declaratory judgment is necessary and proper in the premises herein pleaded.

WHEREFORE, Auto-Owners Life Insurance Company prays that this Honorable Court will grant judgment in its favor and declare the following:

1. On Count One: Auto-Owners is entitled to deposit $100,000.00, representing the guaranteed death benefit under the Policy, thereby satisfying and discharging any and all claims of Defendants against it, arising from the Policy.

2. On Count Two: A declaratory judgment setting forth the rights of the respective Defendants with respect to the insurance claims they have or may make against Auto-Owners arising from the Policy and the death of its insured, Isaac E. Miller and stating that Auto-Owners will have no further liability to either of the Defendants above and

beyond the $100,000.00 amount offered with this interpleader and any and all other relief this Court deems just, equitable and proper including but not limited to costs, attorney's fees, expenses an interest on any such amount.

                                                Respectfully submitted,

                                                ***/s/Brian T. Winchester***
                                                _____
                                                Brian T. Winchester (0069076)
                                                Chad A. Schmitt (0095355)
                                                McNeal Schick Archibald & Biro Co., LPA
                                                4608 St. Clair Avenue
                                                Cleveland, OH 44103
                                                T:  216-621-9870  F: 216-522-1112
                                                btw@msablaw.com
                                                cs@msablaw.com

                                                *Attorneys for Plaintiff*
                                                *Auto-Owners Life Insurance Company*

## **JURY DEMAND**

      Auto-Owners demands a jury on all claims and defenses, with the maximum number of jurors allowed by law.

                                                Respectfully submitted,

                                                ***/s/Brian T. Winchester***
                                                _____
                                                Brian T. Winchester (0069076)
                                                Chad A. Schmitt (0095355)
                                                McNeal Schick Archibald & Biro Co., LPA

                                                *Attorneys for Plaintiff*
                                                *Auto-Owners Life Insurance Company*